IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHRISTOPHER RUSSELL,　　　　　　　＊
　　　　　　　　　　　　　　　　　　＊
　　　　Plaintiff,　　　　　　　　　＊
　　　　　　　　　　　　　　　　　　＊
v.　　　　　　　　　　　　　　　　　＊　　　CASE NO. 4:06-CV-74 (CDL)
　　　　　　　　　　　　　　　　　　＊　　　　　42 U.S.C. § 1983
RALPH JOHNSON, et al.,　　　　　　　＊
　　　　　　　　　　　　　　　　　　＊
　　　　Defendants.　　　　　　　　 ＊

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-16). Defendants argue that Plaintiff's action should be dismissed because Plaintiff has failed to exhaust his administrative remedies. (R-16-2). After some issues with service due to Plaintiff's change of address, the Plaintiff was notified of his right to respond and did so on December 14, 2006, and January 25, 2007. (R-25 and 29).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, a plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that

no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## PROCEDURAL HISTORY

On June 30, 2006, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Georgia Department of Corrections and Muscogee County Prison failed to protect him from an attack from another inmate. (R-1). Plaintiff alleges that he was stabbed in the right eye and in the top of his head numerous times with an ink pen. *Id*. Plaintiff claims that he ran to the panic button several times but later discovered that "none of the panic button[s] work in the Muscogee County Jail." *Id*. Plaintiff also claims that "[i]t took the officers about 15-20 minutes to respond to the 3rd floor." *Id*. Plaintiff complains that his security was placed into danger because Defendants Johnson and Ezell were "ful[ly] aware that the panic button system don't work in the day rooms to get the cubicle officers attention." *Id*. Finally, Plaintiff argues that it was cruel and unusual punishment under the Eighth Amendment that he was placed in lock down after the altercation because Plaintiff claims he was only "protecting himself" when he held the inmate that stabbed him down until help came. *Id*. Plaintiff claims that he now suffers from bad headaches, that his eye runs, that his eye is blurry upon waking, that he now has a "lifetime scar," and that his face hurts as if something was left in his face from the ink pen. *Id*. In his complaint, Plaintiff requested that the

Muscogee County Jail pay him $60,000.00 or pay him $20,000.00 and "do away" with his fifteen (15) year sentence. *Id*. Plaintiff later submitted a "Brief and Affidavit of Plaintiff," on December 14, 2006. (R-25-1). In said brief, Plaintiff requested punitive damages, as well as "mental and physical" damages. *Id*. In this latter document, Plaintiff requested that he be awarded $ 200,000.00 or $100,000.00 and "exonerate the 15 years (sic) sentence Plaintiff is currently serving." *Id*.

**DISCUSSION**

Exhaustion of Administrative Remedies

The Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file a formal grievance or appeal the denial of his informal grievances filed on September 2, and September 13, 2005. (R-16-2, pp. 3-4). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). The Eleventh Circuit has held

3

that the exhaustion requirement pursuant to § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature. *Id*. An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit.

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006) (emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

Defendants have provided the *Inmate Handbook*, which confirms that the Muscogee County Jail has an administrative grievance system. (R-16-4 and 16-5). The grievance system requires that a prisoner with complaints file a written grievance, receive a written response, and **then file a written appeal in order to exhaust the administrative grievance**

4

**system**. (R-16-5, pp. 14-15)(emphasis added). Defendants state through Affidavit of Terri Ezell, Warden of the Muscogee County Jail, that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee County Jail. (R-16-4).

The Defendants have also attached to their Motion a copy of Plaintiff's original Grievance form wherein he made complaints similar to those in his Complaint in this case on September 2, 2005, and September 13, 2005. (R-16-6, Defendant's Exhibit "B"). On September 6, 2005, the Grievance Officer responded to Plaintiff's September 2, 2005, complaints in writing. *Id*. On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff signed his name but did not circle either Yes or No in response to whether he wished to appeal the decision. On September 15, 2005, the Grievance Officer responded to Plaintiff's September 13, 2005, complaints in writing. *Id*. On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff refused to sign said document and failed to circle either Yes or No in response to whether he wished to appeal the decision. Thus, pursuant to procedure at the Muscogee County Jail, neither grievance was appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail.

As such, Plaintiff did not exhaust his available administrative remedies before filing

5

the current action. Therefore, this Court recommends that Plaintiff's complaint be dismissed for his failure to exhaust said remedies.

Accordingly, it is hereby RECOMMENDED, that Plaintiff's case be **DISMISSED** pursuant to the foregoing authority. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 23rd day of March, 2007.

                                        S/G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

mZc